$131,364, and asked judgment for one-half thereof. The information furnished to the defendant consisted merely of the suggestion that the defendant should increase its price upon its product and thereby an increased profit would result. The Appellate Division held that the information was neither new nor original and, therefore, afforded no consideration for the alleged contract. Also that defendant should have been permitted to show that the increase in price was the result of commercial conditions and not to the adoption of plaintiff's suggestion.

*Thomas J. O'Neill, F. Herbert Wadsworth* and *Leonard F. Fish* for appellant.

*Eugene W. Leake* and *Edward A. Craighill, Jr.,* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN and MCLAUGHLIN, JJ.; CARDOZO, POUND, CRANE and ANDREWS, JJ., concur on ground plaintiff failed to prove profits resulting from change of plans. Absent: HISCOCK, Ch. J.

---

HELLEN STAFUTTI, Appellant, *v.* WALTER E. SEXTON, Respondent.

*Real property — tax sales — ejectment — limitation of actions — action of ejectment to recover possession of land sold for taxes cannot be maintained when commenced more than five years after recording of tax deeds.*

*Stafutti* v. *Sexton,* 202 App. Div. 735, affirmed.

(Argued March 15, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 12, 1922, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term. The action was in ejectment. Plaintiff was the owner of certain lots in the village of Mineola. On September 10, 1914, they were sold for taxes to the defendant and on September 10, 1915, they not having been redeemed, deeds therefor were executed to the defendant by the county

treasurer which deeds were recorded in the office of the county clerk on September 23, 1915. This action was commenced June 7, 1921. It was held that under section 132 of the Tax Law the action was not brought in time.

*Henry A. Uterhart* and *Percy D. Stoddart* for appellant.
*Harry W. Moore* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

NATIONAL BANK OF WATERVLIET, Respondent, *v.* LEWIS MARTIN, Appellant, Impleaded with Another.

*Bills, notes and checks — action to recover on promissory note discounted by plaintiff — defense that by collateral agreement known to plaintiff the note was payable in installments, a new note being given every three months for the balance due — plaintiff may recover where tender of payment of installment and of new note was made to payee instead of to it.*

*National Bank of Watervliet* v. *Martin*, 203 App. Div. 390, affirmed.
(Argued March 16, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 20; 1922, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury. The action was to recover on a promissory note indorsed by the payees and discounted by plaintiff. The defense was that the note was given in the performance of a contract made between the defendant Martin and one P. Jesse Matton by the terms of which Matton agreed to build a boat of certain dimensions and according to certain specifications and agreed that the same would be completed and ready for delivery on the 15th day of May, 1921. The defendant Martin agreed to pay for such boat the sum of $10,500, $3,000 down and a $7,500 note for three months without interest, and that Martin at the end of three months should pay to Matton the sum of $250 in cash and renew the note for three months for